IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLIE CLEMMONS, :
        Petitioner, :
         :
         :   1:14-cv-2076
     v. :
         :   Hon. John E. Jones III
SUPERINTENDENT CAPOZA, :
*et al.*, :
        Respondents. :

## MEMORANDUM

**November 18, 2014**

On July 1, 2014, Petitioner, Charlie Clemmons, an inmate currently confined at the Greene State Correctional Institution in Waynesburg, Pennsylvania, ("SCI-Greene"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania. (Doc. 6). Clemmons challenges his 1980 conviction and 1981 sentence imposed by the Dauphin County Court of Common Pleas. (Doc. 6). By Order dated October 27, 2014, this matter was transferred from the Western District of Pennsylvania to the Middle District of Pennsylvania and was electronically received in this Court on October 28, 2014.[1] (Docs. 9, 10). The petition is

---

[1] By Order dated October 30, 2014, the Honorable William W. Caldwell recused himself from this case pursuant to *Clemmons v. Wolfe*, 377 F.3d 322, 328 (3d Cir. 2004), as the Judge who presided over Petitioner's state court trial. (Doc. 11). This matter was therefore assigned to the Undersigned.

presently before the Court for screening and, for the reasons set forth below, will be dismissed.

I.    STANDARD OF REVIEW - SCREENING

Habeas corpus petitions must be promptly screened[2] and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 WL 3715717, *1 (M.D. Pa. 2010) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

---

[2] Prior to initial screening, this Court would usually issue an administrative order in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), advising Petitioner of the limitations upon his right to file another section 2254 petition in the future and granting him leave to withdraw his petition to file another petition raising all grounds for relief from his conviction.  However, it is being determined that this Court lacks jurisdiction to consider the petition absent authorization from the Third Circuit Court of Appeals; therefore, it would be futile to allow Petitioner to file an amended petition and such notice is not required.  *See, e.g., Peters v. Pa. AG*, 2007 U.S. Dist. LEXIS 99467, *1-2 n.1 (M.D. Pa. 2007), *adopted by*, 2008 U.S. Dist. LEXIS 90302 (M.D. Pa. 2008).

## II.   BACKGROUND

*A.   State Court Proceedings*

The underlying crime in this case occurred on June 8, 1980 when Clemmons, a long distance truck driver, fatally shot another man on interstate 81 after an argument over the C.B. radio. *Commonwealth v. Clemmons*, 479 A.2d 955 (1984). On November 13, 1980, following a jury trial in the Dauphin County Court of Common Pleas, Clemmons was found guilty of first degree murder. (Doc. 6). On January 28, 1981, Clemmons was sentenced to a term of life imprisonment. (*Id.*).

Clemmons filed a direct appeal to the Pennsylvania Superior Court. *Commonwealth v. Clemmons*, 312 Pa. Super. 475, 459 A.2d 1 (Pa. Super. 1983). On direct appeal, the Pennsylvania Superior Court vacated Clemmons' conviction and remanded the case for a hearing to address claims of ineffective assistance of trial counsel. *Id.* On June 28, 1984, the Pennsylvania Supreme Court reversed the Superior Court's Order and reinstated the judgment of sentence. *Clemmons*, 479 A.2d 955.

In July 1986, Clemmons filed his first petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, *et seq.*, ("PCRA"). The PCRA Court denied the petition on April 21, 1988. (Doc. 6). Clemmons appealed the denial to

the Pennsylvania Superior Court. On October 11, 1988, the Superior Court affirmed the PCRA Court's denial of relief, and the Pennsylvania Supreme Court denied allowance of appeal on September 1, 1989. *Commonwealth v. Clemmons*, 384 Pa. Super. 639, 551 A.2d 893 (Pa. Super. 1988) (Table), *appeal denied*, 522 Pa. 623, 564 A.2d 915 (Pa. 1989) (Table).

In June 1989, Clemmons filed a second PCRA petition. (Doc. 6). The PCRA court denied the petition in August 1990. Clemmons appealed the denial to the Pennsylvania Superior Court, which affirmed the PCRA Court's denial of relief on December 5, 1991. *Commonwealth v. Clemmons*, 418 Pa. Super. 628, 606 A.2d 1226 (Pa. Super. 1991) (Table).

Clemmons then filed a third PCRA petition, which was denied by the PCRA Court. (Doc. 6). He appealed the denial to the Pennsylvania Superior Court. *Commonwealth v. Clemmons*, 453 Pa. Super. 679, 683 A.2d 309 (1996) (Table). On June 14, 1996, the Superior Court affirmed the PCRA Court's denial of relief. *Id.*

On February 4, 2002, Clemmons filed his fourth PCRA petition. (Doc. 6); *Commonwealth v. Clemmons*, Criminal No. CP-22-CR-0000918-1980 (Dauphin Cty. Ct. Com. Pl. filed June 20, 1980). On May 13, 2002, the PCRA Court dismissed the petition. (*Id.*).

In November 2004, Clemmons filed a fifth PCRA petition. (Doc. 6); *Clemmons*, CP-22-CR-0000918-1980. On May 18, 2005, the PCRA Court dismissed the petition. (*Id.*).

### B.     Federal Habeas Petitions

On February 7, 2002, while Clemmons' fourth PCRA petition was pending, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Clemmons v. Wolfe, et al.*, Civil Action No. 1:02-cv-00561 (M.D. Pa. 2002) at (Doc. 1). By Memorandum and Order dated November 27, 2002, the petition was dismissed as untimely. *Id.* at (Docs. 12, 13). Clemmons filed an application for a certificate of appealability to the Third Circuit Court of Appeals, which was granted. *Id.* at (Docs. 14, 18); *Clemmons v. Wolfe*, 377 F.3d 322 (3d Cir. 2004). The Court of Appeals considered "whether the district court judge was required to recuse himself from hearing the federal habeas corpus proceedings attacking the trial and conviction over which he presided when he was a state court judge" and "whether the district court judge abused his discretion by deciding the merits of Appellant's petition for writ of habeas corpus without first addressing Appellant's request for counsel." *Clemmons*, 377 F.3d at 324. The Court of Appeals ultimately remanded the case to the District Court and determined that the Federal District Court Judge was required to recuse himself because he presided over

Clemmons' trial in his former capacity as a state court judge. *Id.* The Court of Appeals found it unnecessary to address Clemmons' argument regarding the denial of his motion for appointment of counsel. *Id.* at 329 n.6.

On remand, the matter was assigned to a different District Court Judge. *Clemmons v. Wolfe, et al.*, Civil Action No. 1:02-cv-00561 (M.D. Pa. 2002) at (Docket Entry dated September 1, 2004). On November 24, 2004, Clemmons' petition was denied as barred by the statute of limitations. *Id.* at (Doc. 23). Clemmons filed a notice of appeal to the Third Circuit Court of Appeals, requesting a certificate of appealability, which was denied. *Id.* at (Docs. 24, 27).

On July 1, 2014, Clemmons filed the instant habeas petition pursuant to 28 U.S.C. § 2254. (Doc. 6).

**III. DISCUSSION**

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established new procedures governing the filing of second or successive § 2254 petitions. *See In re Minarik*, 166 F.3d 591, 599 (3d Cir. 1999). The pertinent authority for dismissing successive habeas corpus petitions is found in Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 and 28 U.S.C. § 2244. Rule 9 of the Habeas Corpus Rules provides that "[b]efore presenting a second or successive petition,

the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." The applicable provisions of section 2244 are as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was dismissed in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under 2254 that was not presented in a prior application shall be dismissed unless -
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244. Thus, the AEDPA prohibits the filing in the district court of a second or successive habeas petition under section 2254 unless the petitioner has first obtained permission from the appropriate court of appeals. *Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005). Courts generally agree that a petition under § 2254 is second or successive when the first federal petition is dismissed as untimely. *See Stokes v. Gehr*, 399 Fed. Appx. 697, 700 n.2 (3d Cir. 2010) (citing *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA ....")). A petitioner must follow this procedure even if the first petition

was filed before the AEDPA was enacted. *In re Minarik*, 166 F.3d at 609.

Clemmons filed a prior application for federal habeas relief challenging his 1980 conviction, and that petition was dismissed as untimely. *Clemmons v. Wolfe, et al.*, Civil Action No. 1:02-cv-00561 (M.D. Pa. 2002) at (Doc. 23). As stated, a previously filed § 2254 petition that was dismissed as untimely constitutes an adjudication on the merits for purposes of 28 U.S.C. § 2244(b), rendering any later filed petition second or successive. *See Rohn v. Horton*, 508 Fed. Appx. 170 (3d Cir. 2013). Therefore, Clemmons must seek permission from the Court of Appeals to file a second or successive habeas petition pursuant to § 2244(b). *See id.*

Clemmons also previously filed a request for a certificate of appealability with the United States Court of Appeals for the Third Circuit, which was denied. *Clemmons v. Wolfe, et al.*, Civil Action No. 1:02-cv-00561 (M.D. Pa. 2002) at (Doc. 27). *See also In re: Clemmons v. Wolfe*, No. 04-4559 (3d Cir. 2004). In denying the request for a certificate of appealability, the Third Circuit Court of Appeals specifically stated that "jurists of reason would not find it debatable whether appellant's petition states a valid claim of the denial of a constitutional right *and* whether the District Court was correct in dismissing the petition on limitations grounds." *Id.*

Clemmons' current petition is yet another attempt to challenge the same

1980 conviction in federal court. This Court finds that the current application is a second or successive petition, subject to the authorization requirement of § 2244(b)(3). Therefore, Clemmons' habeas petition, which is a successive petition under 28 U.S.C. § 2244, filed after the Third Circuit Court of Appeals denied an earlier request for a certificate of appealability, will be dismissed for lack of jurisdiction.

     A separate Order will be issued.